# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

LYDIA DIANE BROCK and ROY BROCK,

        Plaintiffs,

v.

BASF CORPORATION, Individually and as
Successor in Interest to Takeda Vitamin & Food
USA, Inc. f/k/a Takeda Chemical Products USA, Inc.
f/k/a Wiltak, Inc.; TAKEDA AMERICA
HOLDINGS, INC. f/k/a Takeda America, Inc.;
TAKEDA PHARMACEUTICALS USA, INC. f/k/a
Takeda Pharmaceuticals North America, Inc. f/k/a
Takeda Pharmaceuticals America, Inc.; TAKEDA
CHEMICAL INDUSTRIES, LTD.; TAKEDA
EUROPE GMBH; ALDRICH CHEMICAL CO.
INC.; FISHER SCIENTIFIC COMPANY L.L.C.;
SHELL USA, INC. f/k/a Shell Oil Company;
SUNOCO INC. f/k/a Sun Refining and Marketing
Company and f/k/a Sunoco (R&M); TENNECO OIL
COMPANY; TEXACO INC.; and UNOCAL
CORPORATION; and JOHN DOES 1-40,

        Plaintiffs.

Case No. 7:25-CV-1540-M-BM

## MEMORANDUM OF LAW IN SUPPORT OF TEXACO INC.'S
## MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

### I.      INTRODUCTION

The instant Amended Complaint was filed against numerous defendants, including 12

corporate defendants. Plaintiffs Lydia Diane Brock and Roy Brock ("Plaintiffs") filed this action

to recover damages for personal injuries allegedly resulting from Mrs. Brock's exposure to

benzene while working at a vitamin manufacturing plant in North Carolina. ECF No. 31 ¶¶ 1, 6.

The Amended Complaint pleaded nothing more than threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements in support of its purported claims against Texaco Inc. ("Texaco"). Specifically, Plaintiff's allegations are deficient for the following reasons:

*First*, Plaintiffs' Complaint does not identify any specific conduct of Texaco that gave rise to Plaintiffs' alleged injuries. The Complaint failed to adequately plead under *Twombly* and *Iqbal* because it lumps together all defendants with general allegations. By not identifying any actions that Texaco allegedly took, the Complaint fails to meet the Rule 8 fair notice standard of the factual allegations against Texaco underlying each claim.

*Second*, Plaintiffs fail to state a claim against Texaco for breach of warranty (Count II) because the Complaint never identifies any express warranty made by Texaco.

*Third*, Plaintiffs also fail to state a claim against Texaco for failure to warn or defective design (Count III) because Plaintiffs did not even identify what the alleged deficient warning label stated nor alleging what was wrong with the design.

*Fourth*, Plaintiffs fail to state a claim for battery and fraud (Count IV). Because Plaintiffs have not alleged a single overt act taken by Texaco, they certainly have not met the heightened pleading standard applicable to this claim, nor have they alleged the requisite intent.

*Finally*, Plaintiffs' claim for loss of consortium (Count V) and request for punitive damages also fail because they are derivative of the other causes of action.

For the reasons set forth below, Plaintiffs' deficient Complaint must be dismissed for failure to state a cause of action upon which relief can be granted.

## II.    <u>STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY</u>

### A. Plaintiffs Initially Filed This Action in New Jersey Against Other Defendants

After the New Jersey court dismissed the complaint as to another defendant BASF for *forum non conveniens*, Plaintiffs filed a complaint in this Court on October 2, 2025, against two

2

other defendants BASF and TUSA.  On January 2, 2026, Plaintiffs filed the instant Amended Complaint (the "Complaint") adding a long list of additional defendants.  ECF No. 31.

Plaintiffs filed this action to recover damages for personal injuries allegedly resulting from Mrs. Brock's exposure to benzene while working at a vitamin manufacturing plant in North Carolina.  *Id*. ¶¶ 1, 6.  Plaintiffs assert five counts against "defendants" as a group: (1) negligence, (2) breach of warranty, (3) failure to warn and defective design, (4) intentional tort – battery & fraud and (5) loss of consortium.  *Id*.

### B.  Plaintiffs Do Not Identify Any Specific Conduct of Texaco

Plaintiffs allege that from 1993 until 2001, Mrs. Brock worked at a plant near Wilmington, North Carolina that used benzene to manufacture Vitamin C ("the Wilmington Plant").  *Id*. ¶¶ 1, 31–32.  Mrs. Brock worked for Fluor Daniel, an independent contractor that provided services to the plant.  *Id*. ¶¶ 41–42.  The Wilmington Plant initially was owned by TVFU, and BASF allegedly manufactured and sold benzene to the plant "during the pertinent times."  *Id*. ¶¶ 56, 48, 46.  In describing the causes of action, the Complaint does not specifically identify Texaco even once.  It lumps together "Defendants" for each allegation making it impossible to identify which defendant's alleged action led to which claim.

### III.    ARGUMENT

### A.  LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007)).  Facts that are "merely consistent with" a defendant's liability do not establish a plausible claim to relief.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to survive a motion to dismiss]."  *Id.* at

3

678. A complaint must do more than raise the "mere possibility of misconduct," and so "naked assertions devoid of further factual enhancement" are not enough. *Id.* at 678–79.[1]

**B. PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST TEXACO**

The claims against Texaco should be dismissed from this action because Plaintiffs have not stated any plausible claim for relief. Plaintiffs not just failed to present sufficient factual matter . . . to state a claim to relief [against Texaco] that is plausible on its face." *Id*. at 678. Rather, Plaintiffs have "tender[ed] [nothing but] naked assertions devoid of further factual enhancement." *Id*.

Plaintiffs' Complaint does not identify any specific acts or conduct of Texaco that gave rise to Plaintiffs' alleged injuries. By not identifying any actions that Texaco allegedly took, the Complaint fails to meet the Rule 8 standard or give Texaco fair notice of the factual allegations against it underlying each claim.[2] Plaintiffs' Complaint fails to adequately plead under *Twombly* and *Iqbal* because it lumps together all defendants with general allegations (*i.e.,* asserting claims against "defendants" and "supplier defendants" without differentiating among them), which renders complaint deficient. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 291 (4th Cir. 2018) (affirming district court's dismissal for failing to satisfy federal pleading standards); *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) (affirming dismissal of complaint because courts "do require sufficient facts to allow the court to infer liability as to each defendant . . . [t]his is baked into Rule 8's requirement that the complaint show the plaintiff is entitled to relief").

---

[1] Unless otherwise indicated, all case citations omit internal quotations and are cleaned up.

[2] Although Plaintiffs allege that "[d]ocuments produced in discovery by BASF confirm that Texaco Inc. was a supplier of benzene to Wilmington Plant during the relevant time," (*see* ECF No. 31 ¶ 17), Plaintiffs failed to attach any documents supporting this allegation. Moreover, the document Plaintiffs are referring to is a Material Safety Data Sheet that is a publicly available, standard document that informs users about the chemical's potential hazard. It does not have any relevant information regarding where the product(s) at issue was supplied to or any pertinent information regarding the product(s) at issue at the Wilmington Plant at relevant time. Additionally, while Plaintiffs allege that Mrs. Brock worked at the Wilmington Plant from 1993 to 2001 (*see id*. ¶¶ 36, 42), the date of the document is March 22, 1989.

In order to meet the pleading standard, Plaintiffs must identify specific acts or conduct taken by each defendant. *See, e.g., Barrett v. Bd. of Educ. of Johnston Cnty., N.C.,* 590 F. App'x 208, 210-11 (4th Cir. Nov. 6, 2014) (affirming dismissal of claims against individual defendants because plaintiffs failed to identify which defendant was responsible for which act and the "global manner of pleading" made claims less plausible); *Boykin Anchor Co.,* 2011 WL 1456388, at *4 (dismissing complaint because "plaintiff cannot rely on bare allegations relating to the conduct of 'all defendants' to hold [an individual defendant] liable, but must identify specific acts or conduct taken by each defendant to state a claim"); *Proctor v. Metro. Money Store Corp.,* 579 F. Supp. 2d 724, 744 (D. Md. 2008) ("Plaintiffs cannot remedy [a lack of factual allegations sufficient to establish liability] by simply listing everyone that *could have been* involved for every specific action that allegedly occurred on behalf of [employer-defendant].") (emphasis in original).

Here, each of Plaintiffs' counts improperly relies on group pleading. For instance, all of the negligence allegations discuss "Defendants" as one group. *See, e.g.*, ECF No. 31 ¶¶ 59–79. Plaintiffs pleaded the other causes of action in the same way referring only to "Defendants" collectively. *See, e.g., id.* ¶¶ 82–88 (Breach of Warranty); *id.* ¶¶ 97–104 (Failure to Warn and Defective Design); *id.* ¶¶ 107–29 (Intentional Tort-Battery & Fraud). Plaintiffs have filed a complaint against numerous defendants including naming 12 corporate defendants. *Id.* ¶¶ 7–19. Nowhere in the Complaint can one discern which defendant(s) Plaintiffs are referring to in their allegations. *See id.* Texaco simply cannot tell which allegations are lodged against it. For instance, Plaintiffs allege that "Defendants" as a group had various duties, including to "comply with OSHA process safety management regulations," "implement standard industrial hygiene and occupational health and safety procedures," and "eliminate[] the use of benzene." *Id.* ¶¶ 67–69. Such allegations are not only improper because they fail to give each defendant adequate notice of the

alleged wrongdoing, they are implausible in light of Plaintiffs' more specific allegations, which identify TVFU and later BASF as the owner and operator of the plant (*id*. ¶¶ 56, 48, 46) who had "determined the processes and procedures using benzene" and for having the responsibility for "compliance with OSHA benzene standard at the Wilmington Plant." *See id*. ¶¶ 37–38. In other words, it is not plausible that Texaco could have such duties when it is not alleged to have ever owned or operated the plant.

Thus, Plaintiffs claims should be dismissed.[3]

### C. CLAIMS FOR BREACH OF WARRANTY (COUNT II) AND FAILURE TO WARN AND DESIGN DEFECT (COUNT III) FAIL FOR ADDITIONAL REASONS

Plaintiffs' claim for breach of warranty and failure to warn and design defect fail for additional reasons.[4]

#### a. Plaintiffs have not plausibly alleged claim for breach of warranty (Count II)

To state a claim for breach of an express warranty, a plaintiff must plausibly allege: "(1) an express warranty as to a fact or promise relating to the goods, (2) which was relied upon by the plaintiff in making his decision to purchase, (3) and that this express warranty was breached by the defendant." *Asby v. Medtronic, Inc*., 673 F. Supp. 3d 787, 796 (E.D.N.C. 2023). Courts will dismiss warranty claims if the complaint "failed to identify any specific words, promises, affirmations, or statements . . . that would create an express warranty." *See Sasso v.*

---

[3] Plaintiffs' claim for loss of consortium (Count V) and request for punitive damages are derivative of the other causes of action and therefore should also be dismissed.

[4] Count I, Plaintiffs' stand-alone negligence claim, is subsumed by Count III because it is based on similar theories of liability. *Asby v. Medtronic*, 673 F. Supp. 3d 787, 795 (E.D.N.C. 2023). N.C. Gen. Stat. § 99B instructs that where an independent negligence claim about "design, inspection, testing, promotion, distribution, and marketing" is similar to other tort claims such as failure to warn, the court must dismiss the independent negligence claim. *Id*. Because Count I and Count III are premised on the same theories of liability, they both fail.

6

*Tesla, Inc.*, 584 F. Supp. 3d 60, 75 (E.D.N.C. 2022), *aff'd sub nom. Challenge Printing Co. of the Carolinas v. Tesla, Inc.*, 2024 WL 2795180 (4th Cir. May 31, 2024).

Here, Plaintiffs' claim fails because the Complaint never identifies any express warranty made by Texaco (or any other defendant for that matter). All that Plaintiffs pleaded is "Defendants' warranties were made both orally and in writing, and Plaintiff is no longer in possession of the written materials upon which such warranties were made." ECF No. 31 ¶ 84. The Complaint is silent as to what words or statements were contained in the oral and written warranties. Thus, Plaintiffs have failed to state a warranty claim and should be dismissed. *See Asby*, 673 F. Supp. 3d at 797 (dismissing express warranty claim because complaint never identifies any express warranty made by any defendants).

### b. Plaintiffs have not plausibly alleged failure to warn and design defect (Count III)

Plaintiffs' failure to warn claim also fails for the same reason. In order to maintain a failure to warn claim in North Carolina, a plaintiff must plausibly allege that "the defendant unreasonably failed to provide an adequate warning, such failure was the proximate cause of the plaintiff's damages, and the product posed a substantial risk of harm without an adequate warning either at the time of or after leaving the manufacturer's control." *Asby*, 673 F. Supp. 3d at 794.

Plaintiffs have not alleged that Texaco knew or should have known of dangers not included in its warning label. *See* ECF No. 31 ¶¶ 92–100. In addition, Plaintiffs have not alleged that the warning label played any role in Plaintiffs' decision to use the product at issue. In fact, Plaintiffs did not even identify what the alleged deficient warning label stated. *Id*. Thus, Plaintiffs have not pleaded facts giving rise to a plausible inference of the elements of a failure to warn claim.

Plaintiffs' design defect theory under N.C. Gen. Stat.. § 99B-6 also must be dismissed for the same reasons. "Alleging negligent design requires alleging what was wrong with the design."

*Asby*, 673 F. Supp. 3d at 793 (citing *Presnell v. Snap-On Securecorp., Inc.*, 2021 WL 1227062, at *3 (M.D.N.C. Mar. 31, 2021)).  Plaintiffs only offered naked allegations stating, "the manufacturer acted unreasonably in designing or formulating the product."  *See* ECF No. 31 ¶ 100.  Where, as here, "the court is left entirely to speculate as to what [the defendant] might have done or not done while building the [product] that Plaintiff believes breached a duty," the claim is too speculative to pass the pleading stage.  *Presnell*, 2021 WL 1227062, at *3.

### D.  PLAINTIFFS FAIL TO STATE A CLAIM FOR BATTERY AND FRAUD (COUNT IV) ALSO FAIL FOR ADDITIONAL REASONS

Count IV for battery and fraud should also be dismissed because Plaintiffs fail to plead intent and to meet the heightened pleading standard. To state a claim for battery under North Carolina law, "a plaintiff must establish 'intent, harmful or offensive contact, causation and lack of privilege.'" *Haynes v. Sentry Corp.,* 2000 WL 33682678, at *2 (E.D.N.C. Apr. 4, 2000) (quoting *Hawkins v. Hawkins,* 101 N.C. App. 529, 533, 400 S.E.2d 472, 475 (1991)), *aff'd*, 331 N.C. 743, 417 S.E.2d 447 (1992)).  The general knowledge of a defendant that individuals would be exposed to the chemicals is insufficient to establish intent. *Priselac v. Chemours Co.*, 2022 WL 909406, at *8 (E.D.N.C. Mar. 28, 2022).  Intent can include conduct that "threatens the safety of others and is so reckless or manifestly indifferent to the consequences that a finding of willfulness and wantonness equivalent in spirit to actual intent is justified." *Id.*  Analyzing whether defendants acted with intent where they released chemicals into the Cape Fear River, the *Priselac* court held that there was no intent because Plaintiffs failed to show that "defendants directed their conduct toward her." *Id.* at *9; *see also Lohrenz v. Bragg Commc'ns., LLC*, 2023 WL 3012006, at *8–*9 (E.D.N.C. Mar. 31, 2023) (no intent because "[d]efendants took no affirmative act aimed at exposing the [plaintiffs] to harm"), *report and recommendation adopted,* 2023 WL 3011982 (E.D.N.C. Apr. 19, 2023) (Myers, C.J.).

8

The court should reach the same result as in *Priselac* and *Lohrenz.* As in those cases, Plaintiffs here allege (again through group pleading) that "Defendants committed the intentional tort of battery by causing the Plaintiff's exposure to benzene knowing that those exposures would cause harm to the Plaintiff." ECF No. 31 ¶ 107. But Plaintiffs offer only conclusory assertions of intent: "Defendants knew, foresaw and intended that their benzene and benzene-containing solvents . . . were used at the Wilmington Plant and benzene-containing solvents would be released into the atmosphere . . . ." *Id.* ¶ 108. The allegations here are even more deficient than in *Priselac* because Plaintiffs here do not even allege that Texaco operated the business at issue. *See Priselac,* 2022 WL 909406 at *9 (concluding that plaintiff failed to state a claim for battery where allegations, at best, showed conduct was "directed at operating their business and that they had knowledge of the substantial safety risks incidental to the manner in which they did so").

To state a claim for fraud, in addition to intent, Plaintiffs must satisfy the heightened pleading standard and "to state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ P. 9(b). "The 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

Plaintiffs have not plead intent and state with particularity the circumstances constituting fraud. Plaintiffs again provide only improper and implausible group allegations that the defendants intended to cause harm through causing Plaintiffs to be exposed to benzene" *See* ECF No. 31 ¶¶ 107–129. Plaintiffs do not allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what they obtained." *See* Fed. R. Civ P. 9(b). Moreover, not only do Plaintiffs fail to allege that Texaco undertook any affirmative

act in causing the exposure to benzene, there also are no allegations indicating Texaco directed its conduct to Mrs. Brock.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' claims against Texaco should be dismissed in their entirety with prejudice because Plaintiffs failed to state a claim in which a relief can be granted.


Respectfully submitted this 28th day of April 2026.


/s/ William M. Starr
William M. Starr
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
101 S. Tryon Street, Suite 3600
Charlotte, NC 28280
(980) 256-6300
bstarr@bakerdonelson.com
NC Bar No.: 31813
*Attorney for Texaco Inc.*


Steven M. Lucks*
David A. Giroux*
Elizabeth J. Lee*
FISHKIN LUCKS LLP
One Gateway Center
Suite 1150
Newark, NJ 07102
(973) 536-2800
afishkin@fishkinlucks.com
slucks@fishkinlucks.com
dgiroux@fishkinlucks.com
elee@fishkinlucks.com
*Attorneys for Texaco Inc.*


*\*Notices of Special Appearance pursuant to Local Civ. R. 83.1(e) are forthcoming Forthcoming*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned attorney attests that this Memorandum of Law in Support of Texaco Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) complies with the word limit provided for under Local Rule 7.2(f)(3).

/s/ William M. Starr
William M. Starr
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
101 S. Tryon Street, Suite 3600
Charlotte, NC 28280
(980) 256-6300
bstarr@bakerdonelson.com
NC Bar No.: 31813
*Attorney for Texaco Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2026, the foregoing document was filed electronically with the United States District Court for the Eastern District of North Carolina and was served on counsel of record by the Court's electronic filing system (CM/ECF).

/s/ William M. Starr
William M. Starr
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
101 S. Tryon Street, Suite 3600
Charlotte, NC 28280
(980) 256-6300
bstarr@bakerdonelson.com
NC Bar No.: 31813
Attorney for Texaco Inc.

12