# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| LYDIA DIANE BROCK and ROY BROCK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BASF CORPORATION, Individually, and as Successor in Interest to Takeda Vitamin & Food USA, Inc. f/k/a Takeda Chemical Products USA, Inc., f/k/a Wiltak, Inc.; TAKEDA AMERICA HOLDINGS, INC., f/k/a Takeda America, Inc.; TAKEDA PHARMACEUTICALS USA, INC., f/k/a Takeda Pharmaceuticals North America, Inc. f/k/a Takeda Pharmaceuticals America, Inc.; TAKEDA CHEMICAL INDUSTRIES, LTD.; and TAKEDA EUROPE GMBH; ALDRICH CHEMICAL CO. INC.; FISHER SCIENTIFIC COMPANY L.L.C.; SHELL USA, INC. f/k/a SHELL OIL COMPANY; SUNOCO INC. f/k/a Sun Refining and Marketing Company and f/k/a Sunoco (R&M); TENNECO OIL COMPANY; TEXACO INC.; and UNOCAL CORPORATION; and JOHN DOES 1-40 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 7:25-CV-1540-M-BM<br><br>**DEFENDANT ALDRICH CHEMICAL CO. LLC'S REPLY IN SUPPORT OF THEIR PARTIALLY OPPOSED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| Defendants, | ) | |

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... 3

INTRODUCTION ...................................................................................................... 4

ARGUMENT .............................................................................................................. 4

I.       Plaintiffs' Claims are Barred by the Statute of Limitations. ..................................... 4

II.      Aldrich Did Not Assert the Statute of Repose. ........................................................ 7

III.     The Remaining Allegations in Count I Fail to State a Negligence Claim Against Aldrich. ................................................................................................................... 7

III.     Plaintiffs Failed to State a Claim Based on Failure to Warn and Design Defect under North Carolina's Product Liability Act. ................................................................... 8

IV.     Plaintiffs' Battery Claim Fails Because They Do Not Allege That Aldrich Intended Contact with Mrs. Brock. .................................................................................... 10

V.      Aldrich Withdraws its Argument For Lack of Proper Service of Process................. 11

VI.     Plaintiffs' Loss of Consortium Claim Fails Because it is Derivative of Meritless Claims. .................................................................................................................. 11

CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Abernathy v. Consol. Freightways Corp. of Del*., 321 N.C. 236, 362 S.E.2d 559 (1987) ............ 10

*Asby v. Medtronic, Inc*. 673 F. Supp. 3d 787.................................................................... 7, 9

*Breeden v. Richmond Cmty. Coll*., 171 F.R.D. 189, 194 (M.D.N.C. 1997) .................................. 6

*Byrd v. Hopson*, 265 F. Supp. 2d 594 (W.D.N.C. 2003) ...................................................... 6

*Dickerson v. CRC Indus., Inc*., No. 2:25-CV-4-FL, 2025 WL 1981434 (E.D.N.C. July 16, 2025) 5

*Dunn v. Pac. Emps. Ins. Co*., 332 N.C. 129, 418 S.E.2d 645 (1992) ......................................... 5

*Ellis v. Sanofi-Aventis U.S. LLC*, No. 3:23-CV-714-MOC-SCR, 2024 WL 368222 (W.D.N.C. Aug. 6, 2024) .................................................................................................. 6

*Friedland v. Gales*, 131 N.C. App. 802, 509 S.E.2d 793, (1998) .............................................. 7

*Guy v. E.I. DuPont de Nemours & Co*., 792 F.2d 457 (4th Cir. 1986).......................................... 5

*Jones v. Willamette Indus., Inc*., 120 N.C. App. 591, 463 S.E.2d 297 (1995) ............................. 10

*Koehler v. Rite-Aid Pharmacy*, No. 3:12-CV-00046, 2012 WL 896144 (W.D.N.C. Mar. 15, 2012) .............................................................................................................. 4

*Plasman on behalf of Bolier & Co., LLC v. Decca Furniture (USA), Inc*., 257 N.C. App. 684, 699 S.E.2d 616 (2018) ...................................................................................... 8

*Priselac v. Chemours Co*., No. 7:20-CV-190-D, 2022 WL 909406 (E.D.N.C. Mar. 28, 2022).... 10

*Red Hill Hosiery Mill, Inc. v. MagneTek, Inc*., 138 N.C. App. 70, 530 S.E.2d 321 (2000) ............ 8

*Sargent v. Edwards*, 257 N.C. App. 540, 808 S.E.2d 927 (2018) (unpublished table decision)... 11

*Soderlund v. Kuch*, 143 N.C. App. 361, 546 S.E.2d 632 (2001)........................................... 6

*Stahle v. CTS Corp.,* 817 F.3d 96 (4th Cir. 2016) ............................................................ 5

*Stratton v. Royal Bank of Canada*, 211 N.C. App. 78, 712 S.E.2d 221 (2011)............................ 7

*Wilder v. Amatex Corp.*, 314 N.C. 550, 336 S.E.2d 66, (1985)............................................. 5

*Williams v. Olympus Am., Inc*., No. 1:17CV98, 2017 WL 2399332 (M.D.N.C. June 1, 2017)...... 5

**Rules**

Fed. R. Civ. P. 8........................................................................................................ 9

Fed. R. Civ. P. 9(b) .................................................................................................. 6

**Statutes**

N.C. Gen. Stat. § 1-52(16) .......................................................................................... 5

N.C. Gen. Stat. § 99B-5 ............................................................................................. 8

Defendant Aldrich Chemical Company ("Aldrich"), pursuant to Local Civil Rule 7.1(g)(1), respectfully submits this Reply in further support of its Motion to Dismiss the First Amended Complaint [Dkt. #66] filed by Lydia Brock ("Mrs. Brock") and Roy Brock ("Mr. Brock") (collectively, "Plaintiffs") pursuant to Fed R. Civ P. 12(b)(6), and in response to Plaintiffs' response thereto [Dkt. #96].

## INTRODUCTION

Plaintiffs have withdrawn their claims against Aldrich based on premises liability (Count I), negligence *per se* (Count I), breach of implied warranty (Count II), breach of express warranty (Count II), and fraud (Count IV). Plaintiffs argue that the Court should permit four claims against Aldrich to remain: negligence under a product liability theory (Count I), failure to warn and inadequate design under North Carolina's Product Liability Act (Count III), an intentional tort claim for battery (Count IV), and Mr. Brock's derivative loss of consortium claim (Count V). None of these claims is adequately plead, and Plaintiffs fail to show how Aldrich is liable under these theories.

## ARGUMENT

**I.      Plaintiffs' Claims are Barred by the Statute of Limitations.**

Plaintiffs appear to argue the statute of limitations only starts to run once the Plaintiff learns of the cause of her injury as well as the identity of any potential defendant. [Dkt. #96 at pp. 6-11]. That is not the law – and notably Plaintiffs have not included any caselaw to support this position that the limitations period does not run until after a defendant is identified. *See Koehler v. Rite-Aid Pharmacy*, No. 3:12-CV-00046, 2012 WL 896144, at *2 (W.D.N.C. Mar. 15, 2012) (Statute of limitations began when plaintiff suffered his injury, not months later when he learned of a recall on the medication that allegedly caused his injury); *Williams v. Olympus Am.,*

*Inc.*, No. 1:17CV98, 2017 WL 2399332, at *3 (M.D.N.C. June 1, 2017) ("Plaintiff's learning of additional facts about his injury, including the potential tortfeasor, is immaterial as to when he did, in fact, discover the physical injury.").

Courts have routinely held in occupational disease cases that a cause of action accrues when the disease is diagnosed. *Dunn v. Pac. Emps. Ins. Co.*, 332 N.C. 129, 132, 418 S.E.2d 645, 647 (1992). The Fourth Circuit stated, "We understand that North Carolina law is settled that disease is not a latent injury; instead, the legal injury and awareness of that injury occur simultaneously at diagnosis." *Stahle v. CTS Corp.,* 817 F.3d 96, 110 (4th Cir. 2016). In cases interpreting N.C. Gen. Stat. § 1-52(16), courts have confirmed that a plaintiff's claims begin to accrue at the time of diagnosis. *Wilder v. Amatex Corp.*, 314 N.C. 550, 562, 336 S.E.2d 66, 73 (1985); *Guy v. E.I. DuPont de Nemours & Co.*, 792 F.2d 457, 460 (4th Cir. 1986) ("[A]n action based on the disease-related claims present here are not barred by the statute of limitations . . . so long as the action is filed within three years after plaintiff's illness is first diagnosed."); *Dickerson v. CRC Indus., Inc.*, No. 2:25-CV-4-FL, 2025 WL 1981434, at *2 (E.D.N.C. July 16, 2025) (finding that the plaintiff's personal injury claims including for myelodysplastic syndrome allegedly caused by benzene exposure including inadequate warning, inadequate design, and wrongful death accrued on the date decedent was diagnosed).

As the cases above show, in occupational disease cases, the statute of limitations for claims grounded in negligence begins to run when the disease is diagnosed, not when a plaintiff later attributes the disease to a particular defendant. Once Mrs. Brock was diagnosed on October 22, 2022, her cause of action accrued and the limitations period began to run. [Dkt. #31 ¶ 50]. Plaintiffs' Amended Complaint adding Aldrich was filed on January 2, 2026, which is more than

three years after the limitations period began to run. [Dkt. #31]. Therefore, the claims Plaintiffs have not withdrawn (Count I, Count III, Count IV,[1] and Count V) are time-barred.

Furthermore, Plaintiffs argue that equitable estoppel and fraudulent concealment could be pled to support delaying the running of the statute of limitations. In support, they cite allegations primarily related to their fraud claim found in Count IV (Battery & Fraud). [Dkt. #96 at pp. 9-11]. However, their response also stated they were withdrawing the fraud claim. [Dkt. #96 at pp. 20]. Despite withdrawing the fraud claim, Plaintiffs simultaneously suggest a fraudulent concealment could have tolled the statute of limitations. Plaintiffs have not pled fraudulent concealment with particularity as is required under Fed. R. Civ. P. 9(b), nor have Plaintiffs pled with any particularly how Aldrich concealed anything from Plaintiff and under what basis it had a duty to disclose to her. *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 194 (M.D.N.C. 1997) (plaintiff must allege defendant had a duty to disclose material information to him as silence is fraudulent only when there is a duty to speak).

Additionally, equitable estoppel only "arises when a party has been induced by another's acts to believe that certain facts exist, and that party rightfully relies and acts upon that belief to his detriment." *Ellis v. Sanofi-Aventis U.S. LLC*, No. 3:23-CV-714-MOC-SCR, 2024 WL 3682224, at *5 (W.D.N.C. Aug. 6, 2024). This claim requires not only a false representation, but also intent on the part of the defendant that the plaintiff act on that false representation. *Id*.

---

[1] Whether the discovery rule applies for Count IV (battery) is immaterial. If there is no discovery rule, then more than three years have lapsed since her last work at the facility (November 16, 2001) and last potential contact. [Dkt. #31 ¶ 36, 42]. If there is a discovery rule for battery, then the analysis above would equally apply and the claim would have accrued when the injury was discovered at her diagnosis. *Byrd v. Hopson*, 265 F. Supp. 2d 594, 599 (W.D.N.C. 2003), aff'd, 108 F. App'x 749 (4th Cir. 2004) ("The statute of limitations on a battery in North Carolina begins to run as of the date of the battery."); *Soderlund v. Kuch*, 143 N.C. App. 361, 370, 546 S.E.2d 632, 638 (2001) (holding a sexual assault victim's injuries were not latent and were barred by the three-year statute of limitations).

6

"[T]he fraud consists in the inconsistent position subsequently taken, rather than in the original conduct. It is the subsequent inconsistent position, and not the original conduct that operates to the injury of the other party." *Friedland v. Gales*, 131 N.C. App. 802, 808, 509 S.E.2d 793, 797 (1998). The burden is on Plaintiffs to properly plead equitable estoppel, and it cannot be used "to bypass a statutory limitation defense without satisfying its doctrinal elements." *Stratton v. Royal Bank of Canada*, 211 N.C. App. 78, 88, 712 S.E.2d 221, 230 (2011).

Plaintiffs have not alleged any subsequent conduct of Aldrich that Plaintiffs relied upon as required for equitable estoppel. Thus, Plaintiffs have failed to sufficiently plead either equitable estoppel or fraudulent concealment. Because more than three years have lapsed since the diagnosis of Plaintiff's injury, Aldrich should be dismissed.

## II.      Aldrich Did Not Assert the Statute of Repose.

Plaintiffs' argument that latent injuries are exempt from the statute of repose is misplaced. Aldrich is not asserting a defense based on the statute of repose.

## III.     The Remaining Allegations in Count I Fail to State a Negligence Claim Against Aldrich.

Count I of the First Amended Complaint purports to assert a negligence claim against all Defendants. While the Amended Complaint adds seven alleged "Supplier Defendants" (including Aldrich), Plaintiffs' allegations as to these Defendants are generic, unfocused, and devoid of the factual detail necessary to nudge their claims beyond the realm of mere possibility into plausibility. *Asby v. Medtronic, Inc.*, 673 F. Supp. 3d 787 at 792. Indeed, aside from lumping in the "Supplier Defendants," the substantive allegations of Count I of the Amended Complaint are largely the same as the original Complaint, where Plaintiffs asserted premises-based claims against only premises defendants (which did not include Aldrich). For example, Plaintiffs allege all Defendants had a duty to invitees in the Wilmington Plant, a duty for air monitoring, and a

duty to implement industry hygiene and occupational health safety procedures (including exhaust ventilation), which are allegations that only relate to premises defendants. [Dkt. #31 ¶ 66, 67, 69]. These allegations do not plausibly state a product liability claim and cannot be repackaged to impose liability on Aldrich.

A products liability claim grounded in *negligence* requires the plaintiff to prove (1) the product was defective at the time it left the control of the defendant, (2) the defect was the result of defendant's negligence, and (3) the defect proximately caused plaintiff damage. *Red Hill Hosiery Mill, Inc. v. MagneTek, Inc.*, 138 N.C. App. 70, 75, 530 S.E.2d 321, 326 (2000). Courts routinely dismiss cases for not containing facts that are sufficient to make a good claim. *See Plasman on behalf of Bolier & Co., LLC v. Decca Furniture (USA), Inc.*, 257 N.C. App. 684, 699, 811 S.E.2d 616, 626, (2018).

Plaintiffs rely on conclusory allegations rather than well-pleaded facts connecting Aldrich to Plaintiff's alleged exposure. Specifically, Plaintiffs rely on generalized assertions that Aldrich "knew or should have known" of benzene's dangers and failed to warn. Such formulaic allegations, without facts tying Aldrich or any identifiable Aldrich product to Plaintiff's alleged injury, are insufficient to state a negligence claim, particularly when all the alleged duties of the Defendants in Count I relate to potential duties of a premises defendant, not a manufacturer or supplier.

### III. Plaintiffs Failed to State a Claim Based on Failure to Warn and Design Defect under North Carolina's Product Liability Act.

The Eastern District of North Carolina has made clear that a plaintiff asserting a negligent design claim <u>must</u> identify the specific defect in the product's design. *Id.* ("Alleging negligent design requires alleging what was wrong with the design"). . at 793. Plaintiffs allege that Defendant Aldrich manufactured, distributed, and supplied benzene and benzene-containing

products to the Wilmington Plant for use in the manufacture of Vitamin C.  [Dkt. #31 ¶ 12]. According to the First Amended Complaint, benzene was released into the air during this process, allegedly exposing Plaintiff Mrs. Brock and causing her to develop acute myeloid leukemia. [Dkt. #31 ¶ 40]. Plaintiffs contend that Aldrich knew or should have known that benzene posed a substantial health risk but failed to provide adequate warnings, instructions, or training regarding the dangers of exposure. [Dkt. #31 ¶ 83(b)]. Plaintiffs further allege that Defendants failed to warn workers and employers about the hazards associated with benzene and failed to ensure safe handling of the product. [Dkt. #31 at ¶ 93]. Plaintiffs also assert that the products were defectively designed because safer alternative chemicals or manufacturing processes were allegedly available. [Dkt. # 31 at ¶ 100]. Importantly, however, Plaintiffs fail to allege any specific defect in any product design. Furthermore, Plaintiffs have failed to properly plead inadequate warning under Fed. R. Civ. P. 8., Plaintiffs allegations simply track the text of N.C. Gen Stat. § 99B-5 without providing more as required.

Plaintiffs' allegations are conclusory and lack the factual detail required under Fed. R. Civ. P. 8. The First Amended Complaint does not identify any specific warning that was allegedly inadequate, explain how any warning was deficient, or allege facts showing proximate causation between the alleged failure to warn and Plaintiffs' injury. Moreover, the First Amended Complaint does not identify which Aldrich product was defective, explain how the product was defective, or allege a reasonable alternative design. Plaintiffs' Complaint fails to provide the required factual allegations that are necessary to nudge their claims beyond the realm of mere possibility into plausibility. *Asby v. Medtronic, Inc.*, 673 F. Supp. 3d 787 at 792. Accordingly, the pleading fails to provide sufficient factual support to put Aldrich on notice of the basis for Plaintiffs' claims.

**IV. Plaintiffs' Battery Claim Fails Because They Do Not Allege That Aldrich Intended Contact with Mrs. Brock.**

Plaintiffs' First Amended Complaint fails to adequately allege a claim for battery. The Complaint alleges that the Defendants knew benzene exposure could cause harm or acted with conscious indifference. [Dkt. # 31 at ¶¶ 107, 127]. These allegations describe recklessness or willful disregard, not the intent to cause bodily contact. Intent may be actual or constructive. *Jones v. Willamette Indus., Inc.*, 120 N.C. App. 591, 594, 463 S.E.2d 294, 297 (1995). Constructive intent will extend to those consequences which the actor believes are substantially certain to follow from what the actor does. *Id.*; *see also Abernathy v. Consol. Freightways Corp. of Del.*, 321 N.C. 236, 241, 362 S.E.2d 559, 562 (1987) ("the conduct must be "so reckless or manifestly indifferent to the consequences that it may be found equivalent in spirit to actual intent to inflict injury")

Plaintiffs' allegations fail to satisfy the requirement that Plaintiffs must show intent to cause bodily contact. Simply including the word "intentionally" before a general allegation does not satisfy the requirement. The First Amended Complaint does not allege that Aldrich intended for benzene to come into contact with Mrs. Brock or that such contact was substantially certain to occur. Instead, Plaintiffs allege only that benzene exposure could cause harm, which is insufficient to establish intent. Moreover, Mrs. Brock was an employee of an independent third-party contractor working at a facility to which Plaintiffs allege Aldrich sold products. Plaintiffs do not allege how Aldrich would have known Plaintiff was present or intentionally directed its conduct toward her. *See Priselac v. Chemours Co.*, No. 7:20-CV-190-D, 2022 WL 909406, at *9 (E.D.N.C. Mar. 28, 2022) (Defendant allegedly knew its chemicals were leaking into the general public's drinking water, but the court found the plaintiff failed to state a battery claim as the claim was closer to negligence than battery. The allegations showed the defendants' conduct was

10

directed to operating the business and there were no allegations that the conduct was directed to the plaintiff).

### V. Aldrich Withdraws its Argument For Lack of Proper Service of Process.

On April 22, 2026, it appears that Plaintiffs properly served Aldrich's registered agent. Accordingly, while Aldrich was previously improperly served, this argument now appears moot.

### VI. Plaintiffs' Loss of Consortium Claim Fails Because it is Derivative of Meritless Claims.

Loss of consortium is a derivative action. *Sargent v. Edwards*, 257 N.C. App. 540, 808 S.E.2d 927 (2018) (unpublished table decision). A spouse cannot recover for loss of consortium unless the action of the injured plaintiff is successful. *Id*. Therefore, because all claims against Aldrich fail, Mr. Brock's loss of consortium claim necessarily fails as well.

### CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed as to Aldrich Chemical Company because Plaintiffs' claims are time barred by the statute of limitations and in the alternative, Plaintiffs fail to state a claim as to all counts.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Jonathan E. Schulz*
Jonathan E. Schulz (N.C. Bar No. 47285)
Samuel M. Dearstyne (N.C. Bar No. 54803)
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone: (704) 338-6127
Fax: (704) 338-6076
jschulz@bradley.com
sdearstyne@bradley.com

*Attorneys for Defendant*
*Aldrich Chemical Company*

12

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically-filed the foregoing document with the

Clerk of Court using this Court's CM/ECF system, which caused it to be served this day on all

counsel of record.

Dated: May 4, 2026

                                        /s/ Jonathan E. Schulz
                                        Jonathan E. Schulz