IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:25-CV-1540-M-BM

| | |
|---|---|
| LYDIA DIANE BROCK and ROY BROCK,<br><br>Plaintiffs,<br><br>v.<br><br>BASF CORPORATION, et al.,<br><br>Defendants. | **OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION [DE-120]** |

**DEFENDANT BASF CORPORATION'S OBJECTIONS TO THE MEMORANDUM AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant BASF Corporation ("BASF") respectfully objects to the Magistrate Judge's Memorandum and Recommendation (the "Recommendation") [DE-120], which recommends granting, in part, and denying, in part, BASF's Motion to Dismiss ("Motion") [DE-53].

First, BASF objects to the Recommendation using an outdated pleading standard set forth in case law prior to the *Iqbal* and *Twombly* standard. [DE-120 at 3].

Second, for the negligence claim in Count 1, BASF objects to the Recommendation: (1) declining to address negligence *per se* [DE-120 at 10] and (2) misapplying the independent contractor rule when analyzing the negligence claim based on premises liability. [DE-120 at 10].

Third, for the failure to warn claim in Count 3, BASF objects that the Recommendation: (1) improperly infers that the missing elements of causation and reliance were pled [DE-120 at 20-21]; (2) incorrectly concludes that BASF was plausibly alleged to be a statutory "seller" under N.C. Gen. Stat. § 99B-1(4) [DE-120 at 16]; (3) fails to require Plaintiffs to identify the BASF product at issue [DE-120 at 19-21]; and (4) improperly permits BASF's alleged status as a plant operator to sustain the N.C. Gen. Stat. § 99B-5 products liability claim. [DE-120 at 19-21].

Fourth, BASF objects insofar as, if all claims against BASF should be dismissed, then the derivative loss of consortium claim in Count 5 should also be dismissed. [DE-120 at 26].

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 72.4(b)(1), objections must specifically identify the portions of the proposed findings or recommendations challenged and the basis for the objection. The Court reviews those portions de novo and may accept, reject, or modify the Magistrate Judge's findings and recommendations. Fed. R. Civ. P. 72(b)(3); Local Civil Rule 72.4(b)(4).

## OBJECTIONS

### I. BASF objects to the Recommendation using an outdated standard. [DE-120 at 3].

The Recommendation quotes the outdated standard that dismissal is proper only if "it appears certain that the plaintiff cannot prove any set of facts in support of the claim." [DE-120 at 3]. The Supreme Court has expressly retired that formulation, holding that the "no set of facts" language "is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Under the governing standard, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Recommendation also cites that correct standard, [DE-120 at 3], its findings at pages 10, 16, and 19–21 apply the outdated standard in practice. As discussed *infra*, BASF objects to the Recommendation's incorrect use of the "no set of facts" pleading standard for certain analysis and determinations.

### II. BASF objects to the Recommendation: (1) declining to address the negligence *per se* claim and (2) misapplying the independent contractor rule. [DE-120 at 10].

First, the Recommendation incorrectly declines to rule on BASF's motion to dismiss the negligence *per se* claim. The Recommendation states: "Because plaintiffs' negligence claim

survives on their premises liability theory, the court need not address whether plaintiffs have stated a claim under their *per se* theory of liability." [DE-120 at 10]. The Recommendation relies on cases from another District Court, yet these cases support that the Recommendation *may* analyze multiple theories of a claim when ruling on a motion to dismiss. [DE-120 at 11].

The Amended Complaint identifies thirty-one (31) potential theories of negligence based on a premises liability theory. [DE-31 at ¶ 75(a)-(m), (o)-(r), (t)-(cc), (hh)]. In contrast, the Amended Complaint identifies the following three (3) potential theories of a negligence *per se* claim, for which all of the underlying theories are based on OSHA and U.S. EPA regulations:

> n. Permitted workers to be exposed to benzene above the National Institute of Occupational Safety and Health Administration's [OSHA] ("NIOSH") Recommended Exposure Limits ("REL"), the American Conference of Governmental Industrial Hygienists ("ACGIH") Threshold Limit Values ("TLV"), the OSHA Permissible Exposure Limit and the European Union's recommended exposure limits for benzene;
>
> s. Failed to comply with the OSHA benzene standard;
>
> dd. Failed to comply with all federal, state, local and trade statutes, codes, regulations and ordinances relating to the benzene content of their products, actions required to determine and analyze the hazardous nature of their products and the warnings and instructions accompanying same, including but not limited to 29 CFR 1910.1200; 29 CFR 1910.1028 [OSHA];

[DE-31 at ¶ 75(n), (s), (dd)]. These standards do not support a negligence *per se* claim.

The "general rule in North Carolina is that the violation of a [public safety statute] constitutes negligence *per se*." *Stein v. Asheville City Bd. of Educ*., 360 N.C. 321, 326, 626 S.E.2d 263, 266 (2006). Even when a defendant is alleged to have violated a public safety statute, the plaintiff is "not entitled to damages" pursuant to a negligence *per se* theory "unless the plaintiff 'belongs to the class of persons intended to be protected by the statute,' and the statutory violation is 'a proximate cause of the plaintiff's injury.'" *Id.*; *Hart v. Ivey*, 332 N.C. 299, 303, 420 S.E.2d

174, 177 (1992). A plaintiff must identify the specific statute allegedly violated to plead negligence *per se*. *Baldwin v. GTE S., Inc.*, 335 N.C. 544, 546-47, 439 S.E.2d 108, 109 (1994).

Plaintiffs cannot base a negligence *per se* claim on alleged violations of U.S. EPA regulations (including the National Emissions Standards for Hazardous Air Pollutants ("NESHAP")), because those regulations impose strict liability. *See* 42 U.S.C. § 7412, *et seq*. North Carolina courts have consistently rejected negligence *per se* theories based on strict liability statutes because such statutes "contain no standard whatsoever as to what constitutes 'reasonable care.'" *Rudd v. Electrolux Corp*., 982 F. Supp. 355, 366 (M.D.N.C. 1997); *see also Parker v. Colson*, 266 N.C. App. 182, 190, 831 S.E.2d 102, 108 (2019) (holding that "where a statute makes a statement of liability without respect to a standard of care to which an individual must abide," negligence *per se* is inapplicable).

Plaintiffs' reliance on alleged OSHA violations is misplaced because North Carolina courts have unequivocally held that OSHA violations cannot serve as a basis for negligence *per se* claims. *See Schenk v. HNA Holdings, Inc*., 170 N.C. App. 555, 561, 613 S.E.2d 503, 508 (2005); *Cowan v. Laughridge Constr. Co*., 57 N.C. App. 321, 324-25, 291 S.E.2d 287, 289-90 (1982). Further, Plaintiffs' vague reference to unspecified regulations or standards fails to meet their pleading burden. *See Baldwin*, 335 N.C. at 546-47, 439 S.E.2d at 109. Accordingly, the negligence *per se* claims fail as a matter of law, and BASF objects to the Recommendation declining to dismiss the negligence *per se* claims.

Second, the Recommendation misapplies the independent contractor rule when analyzing the negligence claim based on a premises liability theory. The Recommendation determines that:

> Plaintiffs have sufficiently pleaded that **BASF retained control of** the Wilmington Plant, as well as **the hazard**. Plaintiffs have sufficiently alleged **Mrs. Brock was not aware of the danger** of benzene exposure, but that defendant was aware. Therefore, under

> North Carolina law, plaintiffs have alleged that Mrs. Brock's injury was not incident to **her work** as an independent contractor, and defendant cannot be shielded from liability on that theory.

[DE-120 at 10 (emphasis added)]. The Recommendation wrongly determines that "BASF retained control of . . . the hazard" because the Amended Complaint fails to identify the alleged hazard or the equipment at issue or the equipment which Mrs. Brock used when working for BASF's independent contractor, Fluor Daniel. [DE-31 at ¶ 47]. Further, BASF objects to the Recommendation because the Amended Complaint does not identify what "her work" was. The Amended Complaint omits information about Mrs. Brock's job title, duties, or responsibilities. [DE-31 at ¶¶ 41, 42, 47]. Thus, the Recommendation: (1) unjustifiably leaps to a conclusion about "her work" which is absent from the Amended Complaint and (2) incorrectly applies the obsolete "no set of facts" standard, rather than the applicable *Iqbal* and *Twombly* "plausibility" standard to reach the conclusion that Mrs. Brock's "injury was not incident to her work as an independent contract." [DE-120 at 10]. BASF also objects to the Recommendation's determination that "Mrs. Brock was not aware of the danger" because the Amended Complaint does not contain this specific allegation and, instead, only contains general allegations regarding "Plaintiff, and similarly situated persons." [DE-31 at ¶ 63].

Further, the Recommendation incorrectly determines that a landowner's "minimal" control is the same as having "sole" control. [DE-120 at 9]. Although the Recommendation correctly quotes a parenthetical from *McCorkle v. N. Point Chrysler Jeep, Inc.*, 208 N.C. App. 711, 714, 703 S.E.2d 750, 754 (2010), as stating: "Defendant contracted with Landmark so that possession and **control of the construction site were vested solely** with Landmark," [DE-120 at 9 (emphasis added)], the Recommendation incorrectly applies the "sole control" standard to justify the determination that: "An example of where this exception applies is a construction site, where the

contractor is in control of the jobsite and the landowner's involvement or **control is minimal**." [DE-120 at 9]. BASF objects to this determination in the Recommendation.

The negligence claim should also be dismissed to the extent it is based on a theory of premises liability because, as an employee of an independent contractor, Mrs. Brock was owed no duty by BASF. Plaintiffs allege that: (1) Mrs. Brock was employed by Fluor Daniel, an "independent contractor at the Wilmington Plant," from March 15, 1993, to November 16, 2001 [DE-31 at ¶¶ 41-43] and (2) BASF did not own the Wilmington Plant until January 4, 2001, merely ten months before Mrs. Brock's work at the Wilmington Plant ended. [DE-31 at ¶ 9]. Under North Carolina law, "an owner or occupier of land who hires an independent contractor is not required to take reasonable precautions against dangers which may be incident to the work undertaken by the independent contractor," unless the activity is inherently dangerous. *Cook v. Morrison*, 105 N.C. App. 509, 515, 413 S.E.2d 922, 926 (1992); *see also Smith v. Schlage Lock Co., LLC*, 986 F.3d 482, 490 (4th Cir. 2021) (same); *McCorkle v. N. Point Chrysler Jeep, Inc.*, 208 N.C. App. 711, 714, 703 S.E.2d 750, 753 (2010) (same).

North Carolina law recognizes an exception for "inherently dangerous" activities. *Woodson v. Rowland*, 329 N.C. 330, 350, 407 S.E.2d 222, 234 (1991). An activity is inherently dangerous if it can be performed safely only if certain precautions are taken but will likely cause injury if they are omitted. *See Simmons v. N. Carolina Dep't of Transp.*, 128 N.C. App. 402, 406, 496 S.E.2d 790, 793 (1998). Plaintiffs bear the burden of pleading facts showing both that the activity was inherently dangerous and that the defendant knew or should have known of the circumstances creating the danger. *Cook*, 105 N.C. App. at 517, 413 S.E.2d at 927. Here, Plaintiffs have failed to plead facts sufficient to invoke the "inherently dangerous" exception. BASF objects to the Recommendation because it fails to identify a basis for the "inherently dangerous"

exception, yet wrongly determines that the claim may proceed. Accordingly, the negligence claim based on premises liability fails as a matter of law, and BASF objects to the Recommendation which should have dismissed the negligence claim.

## III. **BASF objects to the Recommendation's failure to warn analysis in Count 3 as to: (1) improper inference of missing elements [DE-120 at 20-21], (2) incorrect "seller" analysis under § 99B-1(4) [DE-120 at 16], (3) failure to identify the product [DE-120 at 19-21], and (4) incorrect analysis under § 99B-5 [DE-120 at 19-21].**

First, the Recommendation improperly infers that the missing elements of causation and reliance were pled in the Amended Complaint. Regarding the element of causation, the Recommendation incorrectly determines that: "**there is a permissible, common-sense inference** that Mrs. Brock would have heeded warnings to wear 'personal protective equipment' and 'respiratory protection.'" [DE-120 at 20-21 (emphasis added)]. Although the Recommendation correctly recognizes that N.C. Gen. Stat. § 99B-5 requires the alleged failure to provide an adequate warning to have proximately caused Mrs. Brock's damages, the Amended Complaint never alleges that Mrs. Brock would have read or heeded a different warning, refused to work near benzene, changed her duties, or taken any other exposure-reducing action.

The Recommendation incorrectly applies the obsolete "no set of facts" standard, rather than the applicable *Iqbal* and *Twombly* "plausibility" standard to reach the conclusion that the element of causation was pled. The Recommendation unjustifiably leaps to a conclusion that causation was pled by focusing on the mere fact that Paragraph 101 of the Amended Complaint states that Mrs. Brock was diagnosed with AML [DE-120 at 20], however, the mere fact of a medical diagnosis does not equate to the required pleading of the element of causation.

Regarding the element of reliance, the Recommendation wrongly cites to Paragraph 125(m) of the Amended Complaint to support that the element of reliance was pled [DE-120 at 20], however, Paragraph 125(m) does not concern the element of reliance. Even assuming the

Recommendation meant to refer to Paragraph 125(s), this sub-paragraph states a generic reliance on "Defendants for information and warnings" but does not allege that Mrs. Brock would have acted differently had an adequate warning been given. [DE-31 at ¶ 125(s)].

The Recommendation incorrectly relies on *Mitchell v. Trans-West, Inc.*, No. 1:24-cv-677, 2025 U.S. Dist. LEXIS 193534, at *7 (M.D.N.C. Sept. 30, 2025) as involving an express allegation that, had a warning been provided, it "would have been heeded," and the plaintiff would not have been injured. [DE-120 at 20.] Yet, no equivalent allegation appears here because the Amended Complaint is silent on what actions Mrs. Brock would have done differently.

The Recommendation's inference also rests on assumptions which the Amended Complaint does not support, including that: (1) BASF controlled whether an employee of independent contractor, Fluor Daniel, wore particular equipment, (2) the hypothesized equipment would have prevented or materially reduced the alleged exposure, and (3) Mrs. Brock would have used it. [DE-120 at 20-21]. The Amended Complaint states no facts about her job, work location, duties, actual protective equipment, or ability to alter her work practices. This gap is fatal. Accordingly, this claim should be dismissed because the Amended Complaint does not plead that an adequate warning would have altered Mrs. Brock's conduct or prevented her injury.

Second, the Recommendation incorrectly applies the obsolete "no set of facts" standard, rather than the applicable *Iqbal* and *Twombly* "plausibility" standard to conclude that BASF was alleged to be a statutory "seller" under N.C. Gen. Stat. § 99B-1(4) based on Paragraphs 48 and 56 of the Amended Complaint, however, these paragraphs do not support this conclusion. [DE-120 at 16]. The Recommendation correctly states that a seller must be a "retailer, wholesaler, or distributor and means any individual or entity engaged in the business of selling a product." [DE-120 at 13.] Yet, Paragraph 48 of the Amended Complaint states: "Upon information and belief,

BASF **supplied** benzene to the Wilmington Plant." [DE-31 at ¶ 48 (emphasis added)]. Paragraph 56 of the Amended Complaint states: "BASF during the pertinent times was a manufacturer and/or seller of benzene" [DE-31 at ¶ 56], however, this allegation conflicts with: (1) Paragraphs 12-18 of the Amended Complaint which allege that the other seven defendants "manufactured, refined, distributed, and/or sold benzene" and (2) Paragraph 33 which states: "**BASF, and its predecessor TVFU, purchased the benzene for use** at the Wilmington Plant." [DE-31 at ¶¶ 33, 56 (emphasis added).] Accordingly, the Recommendation incorrectly concludes that BASF was "engaged in the business of selling" benzene and, thus, the § 99B-5 claim should be dismissed.

Third, the Recommendation ignores that Plaintiffs failed to identify the BASF product. [DE-120 at 19-21]. Even if the word "supplied" [DE-31 at ¶ 48] was enough to plead seller status, the Amended Complaint does not allege that benzene "supplied" by BASF was the actual benzene to which Mrs. Brock was allegedly exposed. The Amended Complaint: (1) alleges exposure from 1993 through 2001 [DE-31 at ¶¶ 36, 42], (2) identifies seven other companies as the benzene manufacturers during that period [DE-31 at ¶¶ 12-18], (3) does not identify the dates, volumes, and contractual arrangements regarding the benzene, and (4) collectively pleads against multiple "Defendants" without specifying the actions of each defendant or the product. Although the Recommendation correctly cites to *Finch v. BASF Catalysts LLC,* 1:16-cv-1077, 2017 U.S. Dist. LEXIS 236533 (M.D.N.C. Oct. 27, 2017), regarding the prohibition of undifferentiated allegations in a pleading, the Recommendation does not apply that reasoning as to: (1) the product identification and (2) each of the defendants' alleged actions relating to this product for the failure to warn claim. Accordingly, this claim should be dismissed.

Fourth, the Recommendation improperly permits BASF's alleged status as a plant operator to sustain the § 99B-5 North Carolina Products Liability Act ("Act") claim [DE-120 at 19-21]. The

Recommendation incorrectly determines that BASF "was a defendant in a position to post warning signs or disclose the location of benzene within the plant." [DE-120 at 19-20]. This determination does not support a products liability claim under the Act and, at best, may support a premises liability claim; yet, there is no case law justifying the use of a premises liability claim in order to "fill a gap" in a pleading regarding a products liability claim under the Act. Further, the Recommendation incorrectly applies the obsolete "no set of facts" standard, rather than the applicable *Iqbal* and *Twombly* "plausibility" standard to reach this determination.

The Act strictly limits claims to the "manufacturer" or "seller" of the product at issue. N.C. Gen. Stat. §§ 99B-5, 99B-6. The Amended Complaint describes BASF as the operator of the plant that "purchased the benzene" [DE-31 at ¶ 33] and "used benzene to manufacture Vitamin C" [DE-31 at ¶ 32], not as the manufacturer or seller of benzene. These facts would establish only that BASF was an end-user of the benzene allegedly manufactured or supplied by the other seven defendants. As an end user, BASF is not a "manufacturer" or "seller" subject to warning or design liability under § 99B. *See* N.C. Gen. Stat. §§ 99B-1(2), (4), 99B-5, 99B-6. Accordingly, the Recommendation incorrectly concludes that BASF was a manufacturer or seller under the Act and, thus, this claim should be dismissed.

## IV. <u>The loss of consortium claim fails if the other claims are dismissed. [DE-120 at 26].</u>

The Recommendation wrongly permits the derivative loss of consortium claim to survive. [DE-120 at 26]. If the other claims are dismissed, then the consortium claim must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, BASF respectfully requests that the Court sustain BASF's objections and dismiss all claims against BASF.

Dated: September 1, 2026

Respectfully submitted,

**DUANE MORRIS LLP**
By: */s/ Sheila Wiggins*
C. Neil Gray (NY Bar No. 3028552)
CNGray@duanemorris.com
Christopher W. Healy (NY Bar No. 2607091)
(notice of special appearance forthcoming)
CWHealy@duanemorris.com
Sheila Wiggins (NJ Bar No. 018501998) (notice of special appearance forthcoming)
SRWiggins@duanemorris.com
Matthew M. Caminiti (NJ Bar No. 212782018)
(notice of special appearance forthcoming)
MMCaminiti@duanemorris.com
335 Madison Avenue, 23rd Floor
New York, New York 10017-4669
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
*Attorneys for Defendant BASF Corporation*

**WYRICK ROBBINS YATES & PONTON LLP**
By: */s/ Samuel A. Slater*
Samuel A. Slater
N.C. Bar No. 43212
sslater@wyrick.com
Josey L. Newman
N.C. Bar No. 55284
jnewman@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607
P: 919.781.4000
F: 919.781.4865
*Local Civil Rule 83.1(d) Attorneys for Defendant BASF Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which caused it to be served this day on all counsel of record.

Dated: September 1, 2026

By: *<u>/s/ Samuel Slater</u>*