**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**

| | |
|---|---|
| LYDIA DIANE BROCK and ROY BROCK,<br><br>Plaintiffs,<br><br>v.<br><br>BASF CORPORATION, Individually and as Successor In Interest to Takeda Vitamin & Food USA, Inc. f/k/a Takeda Chemical Products USA, Inc. f/k/a Wiltak, Inc.; TAKEDA AMERICA HOLDINGS, INC. f/k/a Takeda America, Inc.; TAKEDA PHARMACEUTICALS USA, INC. f/k/a Takeda Pharmaceuticals North America, Inc. f/k/a Takeda Pharmaceuticals America, Inc.; TAKEDA CHEMICAL INDUSTRIES, LTD.; and TAKEDA EUROPE GMBH; and JOHN DOES 1-40,<br><br>Defendants. | Case No. 7:25-CV-1540-M-BM |

**TAKEDA AMERICA HOLDINGS, INC., TAKEDA PHARMACEUTICALS USA, INC., AND TAKEDA CHEMICAL INDUSTRIES, LTD.'S RESPONSE TO BASF CORPORATION'S OBJECTIONS TO THE MEMORANDUM AND RECOMMENDATION**

Defendants Takeda America Holdings, Inc., Takeda Pharmaceuticals USA, Inc., and Takeda Chemical Industries, Ltd. ("the Takeda Defendants") submit this response to Defendant BASF Corporation's Objections (DE-122) to the Magistrate Judge's Memorandum and Recommendation (DE-119), which recommends granting the Takeda Defendants' Motion to Dismiss (DE-55). Plaintiffs filed no objection to the Magistrate Judge's Memorandum and Recommendation. BASF's "limited objection" identifies no error in the Memorandum and Recommendation and challenges neither of the two independent grounds on which it rests. DE-122 at 1-2. The Court should overrule the objection, adopt the Memorandum and Recommendation, and dismiss the Takeda Defendants.

## I. Legal Standard

An objecting party must specifically identify the portions of the recommendation challenged and the basis for that challenge. Fed. R. Civ. P. 72(b)(2); Local Civ. R. 72.4(b)(1). The Court reviews *de novo* only those portions to which a proper, specific objection is made; portions drawing no specific objection are reviewed only for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005) ("In the absence of 'specific written objection,' the district court was free to adopt the magistrate judge's recommendation on the retaliation claim without conducting a de novo review . . . ."). A party's objections "must be 'specific and particularized' to facilitate district court review." *Ray v. Spencer*, No. 5:22-CV-00379, 2025 WL 1732004, at *1 (E.D.N.C. June 20, 2025) (Myers, C.J.) (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)). "'General and conclusory objections that do not direct the court to a specific error' in the [recommendation] fall short of this standard." *Id.* (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

## II. BASF Does Not Specifically Object To Either Ground For Dismissal of the Takeda Defendants

The Memorandum and Recommendation rests on two independent grounds. First, Plaintiffs failed to make a *prima facie* showing of personal jurisdiction over the Takeda Defendants. DE-119 at 7-13. Second, Plaintiffs failed to state a claim against the Takeda Defendants. *Id.* at 16-20. Each ground independently requires dismissal. *See id.* at 16 ("[E]ven if it were determined that jurisdiction exists, defendants would still prevail on their Rule 12(b)(6) argument that plaintiffs have failed to state a claim against them.").

BASF challenges neither. Its "limited objection" does not contend that the Magistrate Judge erred in finding that Plaintiffs failed to plead sufficient facts to make a prima facie showing of personal jurisdiction or state any claim against the Takeda Defendants. BASF instead frames

its filing as a reservation of rights made "out of abundance of caution" and to put the Court, the Takeda Defendants, and other parties "on notice" of various actions it may or intends to take in the future. DE-122 at 1-2. A reservation of rights is not an objection. BASF identifies no error in the Memorandum and Recommendation and gives the Court no basis to reject or modify it. Its "limited objection" is devoid of any legal authority or citation to the record directed at either finding. An objection that does not direct the court to a specific error in a recommendation is insufficient to trigger de novo review. *See Ray*, 2025 WL 1732004, at *1.

Because BASF has not specifically objected to either of the Memorandum and Recommendation's dispositive findings, both are reviewed for clear error. And there is no error—much less clear error—in the Magistrate Judge's thorough and well-reasoned Memorandum and Recommendation. Both grounds independently support dismissal, the Memorandum and Recommendation should be adopted, and the Takeda Defendants' motion to dismiss should be granted.

Respectfully submitted, this 9th day of September, 2026.

_/s/ David E. Kouba_
David E. Kouba (NC # 28624)
Elissa J. Preheim*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5604
(202) 942-5503
David.kouba@arnoldporter.com
Elissa.preheim@arnoldporter.com

Diana Sterk*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
(212) 836-8429
Diana.sterk@arnoldporter.com

**Appearing under Local Civ. R. 83.1(e)*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, the foregoing document was filed electronically with the United States District Court for the Eastern District of North Carolina and was served on counsel of record by the Court's electronic filing system.

*/s/ David E. Kouba*
David E. Kouba (NC # 28624)